and called our next case of this morning number 13-1952 the Constitution Party of Pennsylvania et al. versus Aichere et al. Mr. Hall and Ms. Tesoro take your time setting up whenever you're ready. Good morning. I may have placed the court Oliver Hall for the minor party plaintiff talents. I'd like to reserve five minutes for my rebuttal if I may. That's fine. This statute 29-37 is it applies to all all candidates in elections? That's correct, okay and so if you would the question on standing here is if you would focus on injury in fact and then we'll also talk about causation. Great, well in brief this statutory scheme that is being challenged and I should add that the minor parties are not challenging section 29-37 by itself but also section 29-11b which requires that they submit nomination for instance. So they're challenging the combination of these two statutes together. The requirement that they submit nomination petitions and then the requirement that they pay that they assume the financial burden to validate the nomination. Isn't your 29-37 challenge facial challenge to that section alone though? Is that count three directed solely to that? That's correct your honor count three is a facial challenge to section 29-37 alone. So you're on behalf of all parties in effect not just your own I mean because 29-37 at least applies as to major parties republican and democratic party at least in primaries does it not? Well it does I believe it does but the difference is that the major parties only have 2,000 signatures to get on the primary ballot and the minor parties have to submit tens of thousands as many as 67,000 signatures in recent years and then the other difference being that once the major party candidates get on general election ballot they are not susceptible to challenge only the minor parties that are fear that people have that if they are challenged and if they lose that a court will enter in effect costs by way of sanctions against them and that is that is the that is the injury. That is one injury your honor and the injury arises from the fact that this statute does not distinguish between first amendment protected activity and activity that may reasonably or properly be subject to sanction. So when we're talking about the conduct at issue we're talking about for first amendment protected conduct circulating petitions, submitting nominational petitions, pending nomination petitions, attempting to run for office, attempting to associate for political purposes within the context of a political party and within the context of an election. This is all quintessentially protected first amendment conduct for which parties may be uh uh imposed costs. But this statute I mean at some point there's a there's a cutoff I mean there's a rule where you cross the line or along the path or you don't. This statute was what passed in 1937 is that correct? That's correct your honor. So it's been around right around 75 years? Right. And at least I know of two incidents where candidates were uh or their their campaigns were assessed costs. The Nader campaign for 2004 and then Mr. Romanoli's uh attempts in 2006 and then I guess if you want you could technically add a third there was a challenger that was had some sanctions in front of you see. Anything else? Not that we're aware of and that goes to the nature of this statute as the dissent uh in the Nader case noted this statute was never intended to authorize the imposition of costs of defending candidates. And it sounds like courts have used that only in the rare occasion where they have perceived something to be egregious. Well that's not what Farnese says you see now we have the benefit of a definitive ruling. Farnese really went down the middle they said we're not going to have any presumption that there's going to be costs there's not going to be any presumption that you you know you've you've done something wrong or that it looks to me like that's a decision that went right down the middle. Well the key here is what does the standard in Farnese actually say and what it says is and it couldn't be more clear it expressly rejects the rule that a candidate must engage in fraud, bad faith, or other misconduct. The court rejected that heightened rule and said instead costs can be imposed against a candidate any time the court sees it just based on the circumstances. But Farnese came down when? What year? That was I believe it was 2011 your honor and and under that standard a candidate has no notice of what conduct is going to rise to the But since 2011 there hasn't been any sanctions entered by a court has there? Well your honor there were only I believe two challenges filed in 2012. One was against the constitution party and as our papers demonstrate they were forced to withdraw as a result of that. They chose to withdraw? Well they chose to withdraw under financial duress and as Mr. Clymer's third declaration swears it was they withdrew because they were not able to supply 20 workers each day as they were ordered to do and this gets to the pernicious nature of the statute. It was the libertarian party won is that correct? The libertarian party won yes that's right and so they didn't have to actually pay cost if they lost they could be looking at another $80,000 judgment and mind you this is just for candidates who are submitting nomination in an attempt to run for office and present their ideas to the voters in the election context this is core first amendment. So let's go back now that we've laid the groundwork what is you have to show I think under injury of fact in effect there's a realistic danger of sustaining a direct injury as a result of the statute's operation and enforcement is that correct? Judge Ambrose actually we started talking about this statute in a facial context and the facial context the standard is somewhat lower the facial context says that the the nature of the statute is such that it's overbroad and therefore brings within its hands let me ask you on that one if it's back to the point is if it's a facial context and it applies not just to your clients but to all candidates at least at least of the major parties in primaries then wouldn't your challenge be more of an as a pie challenge? Well we do challenge it as a pie but so no the nature of the challenge is that this statute is overbroad because under Farnese it actually threatens the imposition of cost against core first amendment it might well that's the nature of that's the nature of an overbroad challenge is that you don't know before you engage in the protected conduct whether you are going to in fact incur the penalty that you're seeking to avoid and that's precisely the purpose of prospective action for declaratory relief in a facial challenge is that you are seeking to have the court declare that when you engage in this kind of core first amendment protected conduct no state can force you to assume the risk that you are going to incur the kind of burdens these candidates face we're $80,000 judges but at some point it has to be it can't be too attenuated let me let me run by you if I may some some hypotheticals and see what your thoughts are let's say that you have a statute that has all non-major party candidates must pay a large filing fee but major party candidates pay minimal fee would there be a problem there minor parties must pay a major a significant fee that is a violation that you find that would be injury hypothetical two if a candidate is challenged automatically that candidate must pay the full cost of the challenge injury in fact three in fact I pick up that equal three candidates successfully challenged automatically must pay the full cost of the challenge but there is no possibility that an unsuccessful challenger must pay so Mr. Farnese for example would be off the hook injury in fact here to a candidate yes injury in fact the reason is that that candidate engaged in protected first amendment conduct the candidate is collecting nominations uh submitting nominations run for public office to present the voters his ideas or her ideas uh for for uh support and and that's exactly what the first amendment protects now if you go to hypothetical four any candidate whose petition is successfully challenged automatically must pay costs but the challenges are rare and are almost never successful well I again that's a that is a a violation and the reason is that the candidate is still engaged protected first amendment conduct and when you are engaged that the first amendment requires a wide birth so you're saying it's rational for a candidate to believe in that circumstance that that he or she is fearful of paying costs and therefore that inhibits that person's constitutional rights if the statute says that a candidate may be ordered to pay costs uh that's a violation if they submit nomination petitions and lose a challenge even if it rarely happens that is a violation candidate first amendment right now let's remember that courts have at their disposal other procedures for sanctioning fraud or bad faith or other inappropriate conduct rule 11 the federal context and of course this pennsylvania state rules also have a similar requirement we're not litigation conduct what are the circumstances as in nader where a court found as a matter of fact and read the declarations from some of your folks who disputed but there was a finding of fact that there was egregious fraud uh in the petition gathering process on a on a big big scale uh rule 11 doesn't reach that well your honor the court always has within its inherent authority power to sanction misconduct so that that's why there are also other provisions under pennsylvania law that allow um uh the imposition of costs or sanctions for uh any legal basis and i must say we absolutely uh do take issue with that that's right of course right read miss kane's declaration but of course you lost that one so the issue is what is it what is the submission of actual basis your honor i'm sorry for speaking over you but what is what is the situation please don't be stopped mr hall here's the question that you need to answer if if we're confining ourselves and i don't know whether we are not in in judge ambrose hypotheticals if we're confining ourselves to facial challenges uh how if at all do the declarations play into this i mean if if we're just looking at count three do the declarations matter or do those things matter only for counts one and two you're as apply challenges your honor they do matter and they support and the reason they support the claim is that they provide a factual but what they show is the impact of the statute the burden on a claim asserting an overbred challenge just as the pointer parties do is to show that the statute burdens protected conduct uh and there has to be some reasonable basis for asserting that and that's what these declarations show in 2002 did they help you mr hall to make the uh to make the assertion that these are not fanciful concerns that even if not challenged frequently uh major parties threaten litigation costs are those factors that have a bearing on uh injury in fact in a facial challenge context yes your honor thank you for clarifying it they certainly do help in that respect and in particular both the complaint and the declarations quote explicit threats that are made against these candidates withdraw or else one hundred six thousand dollars in costs so the point is that yes in this statute imposes such a severe burden that even if it is only rare uh it's it's so severe that it has the chilling effect that is necessary to show in an open that actually leads to the the the fifth scenario that i like to run by you candidates can be challenged if a challenge is successful the candidate may not automatically but may be assessed costs if it is just to do so and that requires according to the courts in effect egregious activity there have been assessments against candidates twice in three quarters of a century our candidates is it realistic for candidates to claim in that situation that their fearfulness is rational rather um i think that if you're basing that hypothetical on the fact the fact is that those two impositions of costs were not twice in the last century but were twice in the last decade twice but it's still twice in the last 75 years but the difference is that never before was this statute construed to authorize the imposition of plastic and in fact most recently the libertarian party in 2012 with respect to this campaign won with respect to a challenge that's right and but that doesn't diminish the breadth of statute i mean the fact if an overbroad statute uh threatens protected conduct okay what is overbroad an overbroad statute is one that does not distinguish between first amendment protected conduct and conduct that is properly subject to sanction such as fraud or bad faith and that's exactly what the statute does it's exactly what the farnese standard allowed and then focused on the word just what what is it in the statute that you say makes it overbroad that there's no guidance beyond the word just uh that that i think is is that the essence of it judge jordan the problem here is the statute simply says at least as crude recently uh that costs may be assessed anytime the court deems it just and that is so broad and discretionary and then the only guidance but you've got courts that you've got judges who purportedly have good discretion having in effect only exercise that discretion in two egregious circumstances with regard to candidates let me bring in concern i have that it's the court that makes the decision uh whether or should be assessed the defendants in this action receive the petitions they don't challenge the petitions they don't prove the petitions uh the if if if the petition is going to be rejected it goes to the court and the court does that how are these defendants before us now the instruments of any harm that may be close to the plaintiff is because of the we've now switched to causation but that's exactly where i was there the challenge here is pennsylvania's statutory scheme as i began by saying uh states and there is a long line of precedent for this theory which we have cited in our opening brief states may not require candidates mid-nomination and require them to assume the financial burden of validating and that comes from uh bullet and lubin and uh harper and then all the federal cases coming after those cases in fact several federal courts have specifically struck down signature verification and the reason is that this is for first first amendment protective conduct so um the the challenge here is to the overall statutory scheme which requires the submission of nomination petitions and then requires the assumption of the burden of validating that combination is unconstitutional and that is a legal theory that has uh ample support in federal precedent including the precedent of this court in the lists but why are you choosing these defendants oh because your honor because they are the defendants that are are charged with enforcing the uh pennsylvania nomination petitions are submitted challenges only do that uh what they do is enforce the signature requirement signature requirement uh requirement that really the essence of burden if these are usually somebody makes a challenge do they not like for example republican candidate made a challenge in 2010 and then uh mr sestak's group made a challenge in another campaign is that correct that's correct your honor so let me refer back to provides that it's not it's not these defendants who make the challenge it is private individuals who come in and make the challenge but your honor the court the state may no more engage or sorry the state may no more uh have third parties engage in unconstitutional conduct on its behalf and it may do so itself and this goes back to the supreme court decisions in nixon v condon and nixon there where uh the state of texas tried to have a whites only primary that was struck down then they sort of outsource their racially discriminatory primary to the jaybird and the court still said no the state cannot outsource this to an ostensibly private third party because the constitutional violation goes to four state functions which is the regulation of election and that's what we have here the state of pennsylvania has outsourced this unconstitutional neither party i think maybe i've got this wrong but i don't think either party cited american party of texas versus white but that's a case in which uh uh if you're familiar with it mr hall the the uh the suit was brought against the texas election officials and that didn't give and it was associated um it involved petition signatures and other similar things there was no there was no uh standing challenge in that context are there other cases like that where the and legislation specific that a case like american party really doesn't tell us anything no your your honor the premise of your question i think correct it is correct that this is actually just standard uh mechanism the legal neck for challenging election stat and this specifically ballot access that it is in general the secretary of state who is charged with enforcing these secretary of state and the secretary of state employees are charged with validating nomination so uh if you look at the philani case and the mclaughlin case and um uh cleanup 84 i believe is the name of the case these are all cited in our open brief in each of those cases there there are signature verification fees that are being challenged candidates are being ordered to pay per signature verification fee and in those cases the candidate sued the secretary of state and said that fee is unconstitutional and there was no question in any of those cases but that these candidates had standing challenge this statute why would you not have standing why would a candidate not have standing for me that's hard to imagine at least when we're talking about the facts that we're talking about this is the statute regulating minor parties access to the ballot and these are the minor parties not have standing what would be a good example i suppose they would not have standing if these parties uh disbanded declared that they and submitted sworn declarations that they never intended to participate in pennsylvania's electoral scheme again or for example uh this is the example we cite in our briefs if these candidates were actually all residents of new jersey if these political parties were the minor parties of new jersey not of pennsylvania well then they wouldn't have standing to challenge pennsylvania statute that's not these parties are pennsylvania based and they have submitted sworn and i might add undisputed declarations and evidence you were the councilman cortez's or were you councilman cortez or not yes i was and there was a decision from our court that ruled against you and the now that declarations of certain individuals is that correct there is that is one major difference another major difference is that we're asserting different claims in cortez we asserted only what is true to be a facial sorry and as applied challenge to section 2937 by itself here we're asserting an as applied challenge to 29 signature requirement and 2937 statute part of part of that case i believe he was not and he didn't he had how many years to brought a one could argue that mr roman only could have standing had he brought a challenge but it looks like he waited a long time before he ever brought one that has passed the statute of limitations oh your honor there's no statute of limitations for one thing the judgment against roman ellie is still outstanding um burdening him to this day as he i think well what was the what was the if he hasn't paid the what is it eighty thousand dollars or roughly is that right that's right and what year was that assessed well it was following the 2006 election so it was probably 2008 so it's now been about six years or so but your honor we're not attacking that judgment and that's a very important point mr roman ellie is not for this court asked my point is that had he done so it would seem that in that context that hey he might have standing uh i think he certainly would uh but he also has standing now because he uh intends to run for office and he submitted a sworn declaration to that effect and therefore he is uh what happened in his case was the court was saying that you were defying court orders with regard to the number you're supposed to have nine and they only had six i'm glad that you brought that up your honor because again let's look at not to challenge the finding itself but let's look at the factual basis for the finding of bad faith actual basis was that mr roman ellie was unable to sustain a coterie of nine workers each day to validate his nomination now that is no different from requiring mr roman ellie to pay a per signature verification fee in each case he is assuming the financial burden of validating nominations he was what he was which party green party the green party normally you can get nine volunteers to come out and help you well i mean i mean that's probably what the court saw and he didn't do it he got six and there were a number of times where court orders were not followed and the court got frustrated and ultimately thought that this was a grievous activity again the only second time it's ever been done i would refer the court to the decision in that case which we cite in our inability to follow the order to supply nine workers now this is the essence of us no violation and look at the email the explicit threat that's quoted in the complaint which says we are going to see one hundred six thousand dollars in costs and fees against if you don't withdraw immediately and what are those costs and fees comprised of in part it's the challengers uh um expenses in bringing people into court challenged nomination so what you have here is candidates who are being ordered to pay not only to supply their own worker to validate nomination issues but also potentially uh their challengers uh work now this is something that's not just their challenges workers their challengers attorneys right their challenges attorneys their candidates can run for office in pennsylvania not done anywhere else in the entire country and it wasn't done in pennsylvania before 2004 why didn't why didn't mr romanoli bring an action back in those days well i can't speak for mr romanelli and his counsel at the time but um probably it was due to a lack of resources and the fact that they were um probably reeling from the fact that they were facing an eighty thousand dollar judgment based on the fact they had submitted something like 90 99 000 uh to comply with the 67 000 signature requirement they are told you didn't have enough people in court each day that's a basis for a finding of bad faith and now you're looking at an eighty thousand dollar judgment uh they may have been afraid to do so i know that a lot of times uh parties in these situations feel intimidated even to set foot in court when they think they're engaged in first amendment protected conduct and they walk away with an eighty thousand dollar judgment all right thank you we'll get you back in the car we thank you hang up for 27 minutes we'll give you a little break mr sorrel may it please the court i'm claudia tesoro from the attorney general's office and i'm here on issues and the resolution of those issues is quite different it appears that the gist of the case is a challenge to the burden that section 29 37 may impose on some people some circumstance well i think that's not a fair statement of their position is to sort because they put their position in print in their reply brief and they say the minor party's legal theory is that pennsylvania's ballot access scheme is unconstitutional because it requires candidates both to submit nomination petitions and to shoulder the financial burden of validating them it doesn't say maybe maybe it says there's a scheme it operates and it requires us to pay and then to pay uh to shoulder the burden of validating them by having people in court looking at it and then also there is the threat of paying for your opponent's side too so if we take that as their theory of the case not just maybe someday you might get hit with sanctions but there's a scheme operating here which involves burdens on gathering and on validating and the threat of paying sanctions uh and it's not a fanciful threat they've got declarations in there and in their complaint about threats made to them by major parties if that's their assertion what is it about that which is speculative or or hypothetical well let me begin by remarking that the requirement that they collect the petitions and the certain number of signatures was at issue in the rogers case this court decided and as i read it yeah right and we're not let's be really clear on something we're not here talking about the lawfulness of this regime right we're just talking about whether they've got a right to get into court and argue about it this case is about standing right mr sorrow of course okay so let's confine ourselves to the question of standing they are the object of the state regulation right as minor parties and minor party candidates these statutes are expressly directed to them are they not well not to them individually but of course minor parties yes that's my point okay if that's true then i'd like you to respond to this language from luhan when the suit is one challenging the legality of government action or inaction the nature and extent of facts that must be averred in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action or foregone action at issue so in this case you'd concede that they are the object of the action or foregone action correct well the statute applies to them as we just yes but them only no to everybody throughout the state in that category so are they are they these specific objects of that statute from 1937 to the present time there were within the statute who does this statute apply to statute applies to non-major parties who go through the nomination does it also apply to parties under primaries not these provisions correct the 2937 applies to to what it applies to procedures that are used in court when somebody a third party brings a challenge against could there be a challenge during a republican or democratic primary there could there theoretically not in the sense that they nominate their candidate process and not through this petition process if they do it through the what is their 2937 applied to petition process it says all nomination petitions and papers received by so it's a petition process if you tried the major parties as a petition process it would apply right in a primary if a major party used the petition process which i guess they may be able to do but they don't they use primaries right okay um so the state would concede would it not that 2937 makes the minor parties who are process the object of that regulation right okay that doesn't seem to be the answer to the standing but it's a step right i mean that's that's something that the supreme court has said expressly is in order to establish standing it depends considerably on that fact and we've we've established that fact now your challenge and i know the language here can get a little fuzzy but because he facial gets used in two different ways not talking about a facial challenge to the statute but your challenge to the complaint factual versus facial under 12b1 is something that it appears both parties agree was a was a facial challenge that your 12b1 motion was a facial challenge to the complaint well did i understand that correctly it is correct that when the motion to dismiss was first filed and cited 12b1 all there were at that moment were the pleadings the case you had not answered the complaint no well now the problem if there is one is that the case took a while to run its course um the there were petitions to intervene and more importantly there was a preliminary injunction request filed and that resulted in a detailed stipulation of fact by both sides sure but but my question too is pretty straightforward your intent was and what you did make was a facial attack not a factual attack on the complaint right i did well i as a facial attack your comment here's your brief you say quote the actual facts of this case were not contested in any real sense anyway at any point during the district court proceedings close quote at any point that tells me factual issues were never in dispute it was always a facial attack well is that not accurate it is accurate but the point i'm trying to make and i was unclear i certainly hope i can clarify now is that the factual elaboration that came out through the party stipulation and through the arguments that were presented quite a while later were not facts that were in dispute the facts were not in dispute but there were more facts and more details in front of the court as the case unfolded okay and the case this is a this they weren't in dispute because the district court uses the language of persuaded says as your opponents point out saying i'm not persuaded by these things that i'm hearing from the other side that you know if you're persuaded or unpersuaded that's that's a court making a judgment about whether it believes or doesn't believe factual assertions correct i understand what you're saying i didn't interpret it as any kind of finding of fact by the district court well if the district court says i don't think you've got standing because i'm unpersuaded by the assertions you're making isn't it isn't it in fact engaged in weighing facts and making a judgment about facts i think the district court was saying i don't agree with your interpretation of what these facts imply with regard to the question of standing well the district court we don't have to guess what the district court was saying the district court was explicit and said this is a factual attack right the district that's the district court's language that is in the decision yes and it's not an accident because we know that because the district court lays out the difference between facial and factual attacks on a complaint on page nine of its uh opinion and then on page 10 says here the defendants bring a factual attack which necessarily carries a different standard of review correct well the question of standing and case of controversy remains throughout the case at every stage of the proceedings and the details that this report was confronted with changed by the time the decision was made i'm not sure i i understand i'm not trying to be obtuse here i'm just trying to make sure that that we're in agreement on something which is you never made a factual attack but the district court said you did make a factual attack because you made an attack before the answer was filed and generally a a an attack before the answer is filed is a facial attack rather than factual and until the answer is filed and the facts of the complaint are controverted uh the attack should be considered to be a facial one rather than a factual one well i i don't completely agree with that assessment i agree that the uh before an answer is filed there's less evidence at hand but a case can be judged both facially and factually in the same in the same uh overall proceeding how can a 12 v 1 attack on a complaint which is made before there's any response of pleading be a factual attack because the only thing that's present before the court is the complaint allegations and the documents relied on the complaint unless the attacker says i'm relying on those same things and they don't show the facts which you never did here by your own acknowledgement you never contested the facts but the the complaint itself is not the only material that had to be looked at in this instance that's because there was a motion for preliminary injunction a response to it which reiterated the jurisdictional concerns and the standing issue there was a an extensive stipulation of facts many documents that both sides uh submitted together and so is your contention that was okay for the district court to not accept as true the allegations and the declarations that the district court was entitled to treat this as a factual attack and weigh evidence and decide who it would believe and not believe at this stage of the proceedings is that your legal position my legal position district court was entitled to consider if there had been answer and discovery yes that but even if there hadn't other certain evidence i take that phrase from the uh ask you is cited in the reply is is that a yes is your position that yes the district court was right to treat this as a facial factual attack not a facial attack it's a it's a pretty straightforward question do you agree or you disagree with the court's position the district court took a position and said this is a factual attack district court did that and it applied a standard associated with that which is different than the standard that would be applied for facial attack so my question to you is was the district court right or wrong when it treated this as a factual attack i don't think court was wrong because i think record had expanded i also think that the additional material the allegations in the complaint and the allegations and the declarations all put together did not reveal factual disputes really because there are 13 declarations in which the declarants say i will run for office but i'm not going to run for office because i believe there's a threat of lawsuits against me and an imposition of enormous fees so i'm not going to run for office and their declaration to say i'm not going to petition or help with petitions there are uh declarations that say we can't build a party because we can't get people to volunteer because people are afraid of the threat of suit and they cite in their in their complaint uh they quote a letter from uh uh a republican party uh attorney that says if this signature count continues and my clients are required to complete the review there's a rough estimate ninety two thousand two hundred and six thousand four hundred fifty five dollars these costs are comparable to costs and here's how they put it which as you know were candidates but against their lawyers uh and this has been happening now i'm paraphrasing and this has been happening lately those are the things that they assert so is is your claim that none of that stuff is in dispute you don't dispute that the major parties are threatening big big suits against people if they have the temerity to show up and try to get on the ballot well we have no way to dis dispute the fact that a certain person says uh communication was received by a hospital individual yeah but they're not just asserting that they're saying those things have happened and that's had an effect on me i'm not going to participate in the political process and i'm not going to help that party participate in the political process because of those things are if those things are undisputed my question to you is how is that not injury in fact sufficient to give someone standing under the first and 14th amendments of the united states constitution these kinds of things were raised in the previous case and we're no declarations cortez the court said specifically in cortez a non-presidential opinion by the way no allegation in the clinic amended complaint other than conclusory assertions that the potential positions of fees is responsible for the recruitment difficulties we don't have conclusory assertions we've got sworn declarations from people saying i'm not in because of these things period doesn't that this doesn't that like just put cortez right off the map now i didn't think so but i i agree that there were no declarations then and there were declarations in this case to me the declarations are very much summarized in the complaint and there isn't that much that added up yeah and the court wasn't quote persuaded by them unquote the court said that my life is on and i would like to just quickly touch on one thing that judge roth brought up earlier that i think is very important here because even if there was injury in fact um there wasn't causation vis-a-vis these defendants because the attorney general has nothing to do with the electoral process secretary of state you should respond to mr hall's point that you're not entitled to to outsource the responsibility uh for uh that by saying oh it's a third party because statutorily we let third parties make the challenge that that's effectively the same i don't think you'd be the people to sue in those circumstances i understand that to be his argument what's your response i heard that but i don't think that that's uh a correct way to characterize the way the legislature wrote the election code the election code only says that the secretary of state and the bureau within it will receive the papers review them and file them it doesn't say anything beyond that as far as the challenging process is to be done that that is carried out by the state there may never be a challenge but if there is a challenge somebody else brings it and it is brought in court and a court decides the challenge this is not the same as setting up voluntarily some kind of shadow procedure that's ostensibly not the same today who would they sue under under your theory here and remember we're going to assume injury in fact for purposes of this discussion because we're on to causation right right okay so assuming there's injury in fact your position is they have to wait till they get punched again to find out who the third party is that's challenging them they can't sue the state officials charged with administering it because they really don't have anything to do with it state officials don't have anything to do with administering it in this way so prospectively there's no relief for these people because you don't know who the third party challenger is going to be in advance and so the operation of the scheme which causes injury in fact by our hypothetical by your right i mean we were accepting that for purposes of the causation discussion there's never going to be a remedy for that because there's never going to be standing for that because there's never going to be causation for that because the third parties are unknown that's your view of the world i think that the way to challenge the constitutionality of a of a challenge challenge proceeding is in that challenge proceeding which you can only do once the proceeding starts you can never remedy the chilling effect i mean are we entitled to take into account the fact that two of these parties the constitution party and the libertarian parties have not been able to achieve minor party status since 2006 because they say in their declarations we can't get people to work and get us petitions in the real world does that consequence bear any attention by us in in figuring out whether there's prospective causation and chilling going on because of the administration of this scheme that's still going to the injury background which you have assumed for discussion i don't see how that has to do with causation i also don't see what could be done in terms of redressability what kind of order could be issued against the uh the uh secretary of state and commonwealth or the bureau under which uh election matters are handled i guess in order that says this is an unconstitutional statute and you can no longer administer it in the fashion in which it's drafted right well that would be finding it facially unconstitutional and i have a problem with that you couldn't you couldn't do that on an as applied basis you couldn't say as it's applied to these parties these minor parties they've shown injury in fact and you're you're not entitled to enforce this against them as you have in the past can't do that again i i still don't accept your premise that the commonwealth has enforced anything against it's the courts that have enforced the law by adjudicating challenges and by the way constitutional arguments is your rogers case involving miss romanelli and they were not accepted so it's been found that statute can be applied constitutional constitution sure but that's the merits not standing right well we're just talking about whether they're allowed to get up in court and talk about it right i agree that what i just said was more of a merit point but i don't accept jury in fact premise or the causation premise for the reasons that i've attempted to summarize thank you very much mr hall just two quick points these parties have been heard in every which way that statute parties well let's see if we got it right candidates you're saying choose not to run or withdraw correct one inch because they might face a cost assessment two also because they were they might face the cost assessment if their nomination is challenged that's three and their papers are filed and valid that's four and a court determines evaluating all the facts that assessing costs would be just in a look back because there was standing well you skipped the important that step is that when they submit nomination they are statutorily required assume the financial and that is not engine doesn't rely on any hypothetical surface back but that happens that happens since the beginning of elections in this country in other words if i am running and you challenge i have to defend or or or withdraw what's that got to do with it actually that's incorrect your honor in every other state except pennsylvania you submit nomination secretary of state and executive branch will do the work validating nomination and that doesn't happen in pennsylvania it does not happen so let's go back to judge ross question then why is it that the state officials here are the parties that are causing the harm for the reasons cited by judge jordan your honor first of all in lujan the court recognized that if the candidate or the party is object statute and that goes a very long way to establishing that that party has standing challenges that and and here we're talking about a statute administered by the second state so the secretary of state required to accept nomination review them to determine whether they have enough signatures on them and actually make determinations as whether the signatures are facially valid or not whether they comply with other requirements election so all of these things demonstrate that the secretary of state is the proper state official uh to challenging the cost stat now it seemed that you would have a tougher time based on what you just said to me that in the commonwealth of pennsylvania because of the lack of discretion that's placed into the hands of the state officials that are being sued here whereas you're saying another all other states they have a far more active role in the administration well the secretary of state does have discretion um the secretary of state can reject nomination they find that well then what's the difference between commonwealth and other states the difference is that in the commonwealth in every other state executive branch elections officials do the work of validating nomination in pennsylvania that work is outsourced to private party challenge and that's the infirmity because that cost that's being outsourced challenger uh also imposes unconstitutional burden and but if there was in ohio let's say for example and a state official said that you haven't caught you haven't met the qualifications with regard to the number of petitions etc or you in some way challenges that you still have to defend it right no your honor in that context you you would so you don't have standing in ohio against an official no that's not what i'm saying what i'm saying is your you would then have the choice of bringing an action in court federal or state court challenge the basis of the second grade state decision here that's not the case in pennsylvania and pennsylvania alone the secretary of state accepts nomination petitions and outsources the work of validating them to the candidate and to the private party challenge that is the unconstitutional nature of pennsylvania's unique that go ahead if you want to finish up okay well i would just like to say yes as i began saying these candidates these parties have been and injured virtually every way that the statute injured parties they've had to of course withdraw under financial duress they've had to actually infer the financial burden of pending nomination petitions and then they've actually had costs imposed against them what would the order look like mr how are you having to sort of say there's a regressibility problem here what's your response well i believe your your honor was said that in order uh directing the secretary uh not to enforce this statutory scheme as applied prop and the the exact contours of that order to see that the state is not permitted to require these candidates to submit x number of signatures if they also require those candidates assume the financial of paying that is unconstant and um give you one minute to sum up okay great well uh just to respond quickly to a couple of opposing counsel mentioned that there was a stipulation of facts that didn't in any way contradict any of the allegations in the complaint or the supporting petitions so it certainly doesn't transform this to a facial a factual challenge to the minor court standing um you know in some the district court really did an end run around the proper uh standard that governs one motion it's a cardinal rule governing those motions that a court must accept the undisputed allegations that's true and construe those allegations in the the court expressly refused that error that's been conceded here today as the court has made clear these parties are only asked we're not even here on the merits this is an issue of standing they certainly have standing challenge the statutory scheme and they should be permitted thank you thank you to both counsel for well-presented arguments we'll take the matter under advisement and i would ask counsel if you would uh get together with the clerk's office and have a transcript prepared of this uh oral argument i would ask if the commonwealth would pick up the cost for the transcript please is that all right with you okay no i'm not just rather than splitting it if that asks if the commonwealth would pick up the cost for that is that all right all right all right we'll have to come we'll pay for it if it wouldn't something it's minimal